NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CLAIRE W., ) | |
| ) | Supreme Court No. S-16162 |
| Appellant, ) | |
| ) | Superior Court Nos. 3AN-14-00194/ |
| v. ) | 00195 CN |
| ) | |
| STATE OF ALASKA, DEPARTMENT ) | MEMORANDUM OPINION |
| OF HEALTH & SOCIAL SERVICES, ) | AND JUDGMENT* |
| OFFICE OF CHILDREN'S SERVICES, ) | |
| ) | No. 1591 – July 27, 2016 |
| Appellee. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Patrick J. McKay, Judge.

Appearances: Randall S. Cavanaugh, Kalamarides & Lambert, Anchorage, for Appellant. Kathryn R. Vogel, Assistant Attorney General, Anchorage, and Craig W. Richards, Attorney General, Juneau, for Appellee. Anita L. Alves, Assistant Public Advocate, and Richard K. Allen, Public Advocate, Anchorage, Guardian Ad Litem.

Before: Stowers, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Fabe, Justice, not participating.]

I.     INTRODUCTION

A mother appeals the trial court's decision terminating her parental rights to two children. Because the court's relevant findings are not clearly erroneous and the

---

\*     Entered under Alaska Appellate Rule 214.

court correctly applied relevant law, we affirm the termination of the mother's parental rights.

## II. BACKGROUND

Claire W.[1] has two young children. The State of Alaska, Department of Health and Social Services, Office of Children's Services (OCS) petitioned in May 2015 to terminate Claire's parental rights.

Alaska Child in Need of Aid Rule 18 and the Alaska Statutes[2] govern parental rights termination. After a trial, the trial court found that the children were children in need of aid as defined by AS 47.10.011(1) (abandonment),[3] (6) (physical

---

[1] A pseudonym is used for privacy protection.

[2] CINA Rule 18(c) (referencing requirements in AS 47.10.011, 47.10.086, and 47.10.088).

Under Alaska CINA Rule 18(c) parental rights may be terminated at trial only if OCS makes the following showings. OCS must show by clear and convincing evidence that: (1) the child has been subjected to conduct or conditions enumerated in AS 47.10.011 (relating to abuse, neglect, mental illness, and other harmful conditions); (2) the parent has not remedied the conduct or conditions that place the child at substantial risk of harm or has failed within a reasonable time to remedy the conduct or conditions so that the child would be at substantial risk of physical or mental injury if returned to the parent; and (3) reasonable efforts have been made to prevent the breakup of the family. OCS also must show by a preponderance of the evidence that the child's best interests would be served by termination of parental rights.

[3] The trial court may find a child to be in need of aid if "a parent or guardian has abandoned the child as described in AS 47.10.013, and the other parent is absent or has committed conduct or created conditions that cause the child to be a child in need of aid under this chapter." AS 47.10.011(1). AS 47.10.013(a)(4) defines abandonment as "instances when the parent or guardian, without justifiable cause . . . failed to participate in a suitable plan or program designed to reunite the parent or guardian with the child."

harm),[4] (8) (mental injury),[5] (9) (neglect),[6] (10) (parent's substance abuse),[7] and (11) (parent's mental illness);[8] and that OCS had met its burden of proof for the termination of Claire's parental rights.

Claire appeals two of the findings underlying the termination of her parental rights: that she made only minimal progress on her case plan and that termination of her parental rights was in her children's best interests.

## III. STANDARD OF REVIEW

"In CINA cases, we review the superior court's factual findings for clear error."[9] "Findings are clearly erroneous if, after reviewing the record in the light most

---

[4] The trial court may find a child to be in need of aid if "the child has suffered substantial physical harm, or there is a substantial risk that the child will suffer substantial physical harm, as a result of conduct by or conditions created by the child's parent." AS 47.10.011(6).

[5] The trial court may find a child to be in need of aid if "conduct by or conditions created by the parent . . . have . . . resulted in mental injury to the child[,] or . . . placed the child at substantial risk of mental injury." AS 47.10.011(8).

[6] The trial court may find a child to be in need of aid if "conduct by or conditions created by the parent . . . have subjected the child or another child in the same household to neglect." AS 47.10.011(9).

[7] The trial court may find a child to be in need of aid if "the parent['s] . . . ability to parent has been substantially impaired by the addictive or habitual use of an intoxicant, and the addictive or habitual use of the intoxicant has resulted in a substantial risk of harm to the child." AS 47.10.011(10).

[8] The trial court may find a child to be in need of aid if "the parent . . . has a mental illness, serious emotional disturbance, or mental deficiency of a nature and duration that places the child at substantial risk of physical harm or mental injury." AS 47.10.011(11).

[9] *Christina J. v. State, Dep't of Health & Soc. Servs., Office of Children's*
(continued...)

favorable to the prevailing party, we are left with 'a definite and firm conviction that a mistake has been made.' "[10]

"When reviewing factual findings . . . we ordinarily will not overturn a trial court's finding based on conflicting evidence,"[11] and "[w]e will not reweigh the evidence when the record provides clear support for the trial court's ruling."[12] "It is the function of the trial court, not of this court, to judge witnesses' credibility and to weigh conflicting evidence."[13]

## IV.   DISCUSSION

### A.    Case Plan — Failure To Remedy

Claire's argument that the trial court erred by finding she made minimal progress with her case plan is unclear.  If Claire is arguing that her children therefore were not in need of aid from abandonment, it is unavailing. Where the record supports one ground for finding a child to be in need of aid, it is unnecessary to consider the trial

---

[9]    (...continued)
*Servs.*, 254 P.3d 1095, 1103 (Alaska 2011) (citing *Maisy W. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 175 P.3d 1263, 1267 (Alaska 2008)).

[10]    *Maisy W.*, 175 P.3d at 1267 (quoting *Brynna B. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 88 P.3d 527, 529 (Alaska 2004)).

[11]    *Martin N. v. State, Dep't of Health & Soc. Servs., Div. of Family & Youth Servs.*, 79 P.3d 50, 53 (Alaska 2003) (citing *In re Friedman*, 23 P.3d 620, 625 (Alaska 2001)).

[12]    *D.M. v. State, Div. of Family & Youth Servs.*, 995 P.2d 205, 214 (Alaska 2000) (citing *A.M. v. State*, 891 P.2d 815, 825 (Alaska 1995)).

[13]    *Knutson v. Knutson*, 973 P.2d 596, 599-600 (Alaska 1999) (citing *Parker v. N. Mixing Co.*, 756 P.2d 881, 892 (Alaska 1988)).

court's other findings.[14]  Because Claire does not challenge the trial court's five other bases for finding her children to be in need of aid, we do not need to consider a challenge to the finding that Claire abandoned her children by failing to make minimal progress on her case plan.

Although nowhere in Claire's argument does she use the language of CINA Rule 18(c)(1)(A)(i) — that before the court may terminate parental rights, OCS must show by clear and convincing evidence that "the parent has not remedied the conduct or conditions in the home that place the child at substantial risk of harm" — she more likely is arguing that because she made more than minimal progress on her case plan there is not clear and convincing evidence of a failure to remedy.

The trial court found that Claire had not remedied the conduct that caused the children to be in need of aid.  This finding is supported by Claire's lack of participation in OCS recommended services and her "pattern of relapse."  OCS identified Claire's mental health, lack of parenting skills, and drug use as factors causing the children to be in need of aid.  Claire has not changed her behavior or taken advantage of the services arranged to remedy OCS's concerns:  She has not participated in mental health treatment as recommended by a clinical psychologist, completed any educational program designed to teach her parenting skills or about domestic violence's effect on children, or completed any substance abuse program.  And between when OCS took custody of the children and the termination hearing, Claire intermittently used drugs,

---

[14]    *See, e.g.*, *Sherman B. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 290 P.3d 421, 431 (Alaska 2012) ("Because we affirm the superior court's finding of abandonment, we do not reach the State's alternative argument for termination based on neglect." (citing *Rick P. v. State, Office of Children's Servs.*, 109 P.3d 950, 956 (Alaska 2005))); *Lucy J. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 244 P.3d 1099, 1112 (Alaska 2010) (declining to decide issues of alternative grounds for termination when one ground was dispositive).

demonstrating a "pattern of relapse." The record amply supports the trial court's finding that Claire failed to remedy the conduct or conditions that placed her children at substantial risk of harm.

### B. Best Interests Of The Children

Before terminating parental rights the trial court must find, by a preponderance of the evidence, that termination is in the child's best interests.[15] The trial court may consider the statutory factors listed in AS 47.10.088(b)[16] to determine whether termination of parental rights is in the child's best interests, as well as any other facts relating to the child's best interests.[17] The trial court is not required to consider or give particular weight to any specific factor, including a parent's love for the child or desire

---

[15] CINA Rule 18(c)(3); *see also* AS 47.10.088(c).

[16] The statute provides:

In making a determination [to terminate parental rights] . . . , the court may consider any fact relating to the best interests of the child, including

(1) the likelihood of returning the child to the parent within a reasonable time based on the child's age or needs;

(2) the amount of effort by the parent to remedy the conduct or the conditions in the home;

(3) the harm caused to the child;

(4) the likelihood that the harmful conduct will continue; and

(5) the history of conduct by or conditions created by the parent.

[17] *Chloe W. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 336 P.3d 1258, 1271 (Alaska 2014).

to parent,[18] and may consider factors such as the child's bond with foster parents, the child's need for permanency, and the parent's lack of progress.[19]

Claire argues that termination was not in the children's best interests because she maintained a bond with them through visitation; the children were not harmed by her conduct; there was no evidence she abused substances in the children's presence; and her harmful conduct would not continue because she was attending substance abuse treatment. OCS responds that children under age six need expeditious placement; the children risked physical and mental harm if returned to Claire; the children have formed strong and healthy bonds with their foster parents; and contrary to Claire's argument, the children had suffered physical and mental harm.

Here the trial court found permanency was important for the children because of their young age; the children were placed in an adoptive home that meets their physical and emotional needs; and during the 17 months the children had been in OCS custody Claire's conduct and circumstances had not changed. The children are both under six years of age, and AS 47.05.065(5) establishes that permanency is a strong concern for children in this age range.[20] The children have bonded with their foster parents, who are willing to adopt the children. And Claire does not appear to have made

---

[18]    *Id.* (citing *Barbara P. v. State, Dep't of Health & Soc. Servs., Office of Children's Servs.*, 234 P.3d 1245, 1263-64 (Alaska 2010)).

[19]    *Id.*; *see also Barbara P.*, 234 P.3d at 1263-64 (upholding finding that termination was in children's best interests based on stability in their foster home, their need for permanency, and fact that neither biological parent would be ready to care for children on a full-time basis within a reasonable period of time).

[20]    The statute notes that numerous studies have established the importance of providing "for an expedited placement procedure to ensure that all children, especially those under the age of six years, who have been removed from their homes are placed in permanent homes expeditiously." AS 47.05.065(5)(C).

significant strides in changing her conduct or circumstances over the 17-month period the children were in OCS custody: (1) Claire did not maintain consistent contact with OCS; (2) she made "minimal progress" in her substance abuse treatment, tested positive for drug use several times, and was discharged for lack of participation; (3) she did not participate in mental health treatment because of her lack of communication with OCS; and (4) she did not complete programs designed to educate her about domestic violence's negative impact on the home. The record amply supports the trial court's finding that termination of Claire's parental rights was in the children's best interests.

## V.    CONCLUSION

We AFFIRM the termination of Claire's parental rights.